**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LONNIE H. COOPER,     ) | |
|     ) | |
| **Plaintiff,**     ) | |
|     ) | **DOCKET NO.** ___19-1356 T___ |
| **v.**     ) | |
|     ) | |
| UNITES STATES OF AMERICA,     ) | |
|     ) | |
| **Defendant.**     ) | |
|     ) | |

## COMPLAINT

Plaintiff LONNIE H. COOPER, by and through his undersigned counsel, for his Complaint for Refund of Income Taxes against Defendant, UNITED STATES OF AMERICA, alleges as follows:

## PARTIES

1.     Lonnie H. Cooper (the "Plaintiff") is a resident of the state of Georgia, residing in Atlanta, Georgia.  A statement in accordance with Court of Federal Claims Rule 9(m)(2)(B) has been attached hereto as **Exhibit A** and is incorporated herein by reference in this Complaint.

2.     The Defendant is the United States of America, and is the proper party of interest for this action seeking refund of money paid to the Internal Revenue Service (the "IRS").

## JURISDICTION

3.     This is a suit arising under the Internal Revenue Code of 1986, asserting claims for refund of income taxes erroneously assessed against, collected from, and paid by the Plaintiff. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1346(a)(1) and 1491(a)(1) and 26 U.S.C. § 7422.

4.       The Plaintiff is filing this Complaint within the period of time specified in 28 U.S.C. § 2501 and 26 U.S.C. § 6532.

STATEMENT OF THE CLAIM

**Legal Background**

5.       The Internal Revenue Code imposes a penalty on a taxpayer for the failure to file a required return on the date prescribed (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect.[1]

6.       "Reasonable cause" is defined as "ordinary business care and prudence" taken by the taxpayer.[2]  Hence, if the taxpayer uses ordinary business care, and the filing of a return is still not forthcoming, then the reasonable cause exception is satisfied and the IRS should not assess a penalty for failure to file under such circumstances.

7.       A determination of reasonable cause is based on all the facts and circumstances of a taxpayer's specific situation.[3]  Any reason that establishes a taxpayer exercised ordinary business care and prudence but nevertheless was unable to comply with the tax law may be considered for penalty relief.[4]  Explanations relating to the inability to obtain the necessary records may constitute reasonable cause in some instances.[5]

8.       Reliance on the advice of a tax advisor generally relates to the reasonable cause exception applicable to 26 U.S.C. § 6664(c).[6]  However, reliance on the advice of a tax advisor may provide relief from other penalties when the tax advisor provides advice on a substantive

---

[1] 26 U.S.C. § 6651(a)(1).
[2] Treas. Reg. § 301.6651-1(c).
[3] Internal Revenue Manual ("I.R.M.") § 20.1.1.3.2(1).
[4] I.R.M. § 20.1.1.3.2(3)(A).
[5] *See* I.R.M. § 20.1.1.3.2.2.3(1).
[6] I.R.M. § 20.1.1.3.3.4.3(1).

issue.[7]  In order to show justified reliance on professional advice, a taxpayer must show that: (1) the adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment.[8]

9.      It is important to note that a distinction is drawn between reliance on the act of an agent and the reliance on the advice of a tax advisor.[9]  If a taxpayer relies in good faith on the advice of an accountant "on a matter of tax law . . . it is reasonable for the taxpayer to rely on that advice."[10]

10.      The Tax Court has found that there was reasonable cause where tax counsel erroneously advised executor that no estate tax return need be filed.[11]  The Tax Court has also found reasonable cause where an executor of an estate relied on the erroneous advice of an attorney that the estate could obtain a second extension for filing its return.[12]  Similarly, the U.S. District Court for the Middle District of Pennsylvania found that a taxpayer's reliance on an attorney's advice that they had one year (rather than six months) of extension of time to file a return qualified as reasonable cause under the facts and circumstances present in that case.[13]

**Factual Allegations**

11.      The Plaintiff engaged the professional services of a certified public accountant (the "CPA") at Aprio (formerly known as Habif, Arogeti & Wynne ("HAW")), a renowned tax,

---

[7] IRM § 20.1.1.3.3.4.3(2).

[8] *See Neonatology Assocs., P.A. v. Commissioner*,  115 T.C. 43, 99 (2000).

[9] *See, e.g. Haywood Lumber & Mining Co. v. Commissioner*, 178 F2d 769 (2d Cir. 1950).

[10] *Boyle v. U.S.*, 469 U.S. 241, 251 (1985).

[11] *See Estate of Paxton v. Commissioner*, 86 TC 785 (1986).

[12] *See Estate of La Meres v. Comm'r*, 98 TC 294 (1992).

[13] *See Estate of Hake v. United States*, Civil No. 1:15-CV-1382 (M.D. Pa. May. 1, 2017)

accounting and consulting firm headquartered in Atlanta, Georgia, for numerous years related to tax advice and return preparation.

12.     For the Plaintiff's 2014 tax year (the "Tax Period"), the Plaintiff provided all the requested information necessary to prepare the Plaintiff's 2014 Form 1040 to the CPA before April 15, 2015.

13.     On behalf of the Plaintiff, the CPA filed an extension of time to file the Plaintiff's 2014 Form 1040 until October 15, 2015 (the "filing extension due date").

14.     For the Tax Period, the Plaintiff had $307,053.00 in income tax withholding and remitted an estimated tax payment of $630,550.00 on July 10, 2015, that overpaid the tax due.

15.     During the filing season of 2015, the CPA experienced personal family issues related to his mother's diagnosis and treatment of appendix cancer, which impacted the CPA's ability to timely prepare the Plaintiff's business tax return and as a result his individual 2014 Form 1040 that is the subject of this Complaint.

16.     As the filing extension due date approached, the Plaintiff grew concerned that his 2014 Form 1040 would not be filed timely.  Further, the Plaintiff was concerned that the failure to timely file his return might result in penalties.  The CPA advised the Plaintiff that there would not be a late filing penalty due to the tax due for the Tax Period being paid-in-full by the filing extension due date.  An affidavit prepared by the CPA attesting to the facts and circumstances of the delay in filing the Plaintiff's 2014 Form 1040 and the advice rendered by him to the Plaintiff is attached hereto as **Exhibit B** and is incorporated herein by reference in this Complaint.

17.     Due to the issues and delays on the part of the CPA, the Plaintiff's 2014 Form 1040 was not filed until June of 2016.  Given the long-term relationship the Plaintiff had with the CPA, and in light of the advice given by the CPA regarding the inapplicability of late filing penalties,

the Plaintiff reasonably believed that engaging another tax professional to prepare the return was unnecessary and would have delayed the filing even longer.

18.     Following the processing of the Plaintiff's 2014 Form 1040, the IRS assessed a late filing penalty in the amount of $95,117.50 for the Tax Period.

19.     On August 30, 2016, the Plaintiff filed Form 843, Claim for Refund and Request for Abatement (the "Claim for Refund"), for the Tax Period, requesting abatement of the $95,117.50 in late filing penalties assessed under 26 U.S. 6551(a)(1).  A true and accurate copy of the Claim for Refund is attached hereto as **Exhibit C** and is incorporated herein by reference in this Complaint.

20.     In a letter dated January 5, 2017, the IRS denied the Plaintiff's Claim for Refund and advised the Plaintiff that if he disagreed with that decision, he could request consideration by the IRS Office of Appeals within 60 days of the date of the letter.  A true and accurate copy of the January 5, 2017 letter is attached hereto as **Exhibit D** and is incorporated herein by reference in this Complaint.

21.     The Plaintiff filed an Appeal of Penalty Abatement Request Denial on March 6, 2017, requesting consideration from the IRS Office of Appeals with respect to his Claim for Refund.  An Appeals Conference was held between the IRS Office Appeals and the Plaintiff's representative.  A true and accurate copy of the Appeal is attached hereto as **Exhibit E** and is incorporated herein by reference in this Complaint.

22.     Following the Appeals Conference, the IRS Office of Appeals issued a letter on September 5, 2017 disallowing the Plaintiff's Claim for Refund in full and advising the Plaintiff that he could bring suit for the recovery of the penalties that were the subject of the claim by filing such a suit in the United States Court of Federal Claims within two years from the date of the letter.

A true and accurate copy of the September 5, 2017 letter is attached hereto as **Exhibit F** and is incorporated herein by reference in this Complaint.

**Analysis**

23.     The Plaintiff has demonstrated that the penalty for late filing for his 2014 Form 1040 was due to reasonable cause and not willful neglect. The Plaintiff relied on the substantive advice of his tax advisor that there would not be a late filing penalty due to the full payment of his tax liability during the extension to file.  As a result of this advice, the Plaintiff did not seek a replacement tax professional to complete and file his 2014 Form 1040.

24.     The Plaintiff exercised ordinary business care and prudence in relying on the advice and expertise of the CPA.  The CPA is a competent tax professional, he had all the necessary records that the Plaintiff was able to provide, and the Plaintiff actually relied in good faith on the CPA's judgment.  The Plaintiff was not capable of determining that the CPA's advice was erroneous nor did he have any reason to believe it was.

25.     While the Return was late filed, it is important to note that the entire tax due was overpaid with the resulting credit being applied to the subsequent tax year.  Assessments of penalties are designed to encourage taxpayers to comply with the tax requirements.  The Plaintiff does not fit the criteria of a taxpayer requiring the imposition of a penalty to encourage compliance.

26.     Considering the circumstances in this matter, the imposition of a late filing penalty in the amount of $95,117.50 seems outside the principals stated in the Internal Revenue Manual. The penalty seems punitive, i.e. being harsh, severe, burdensome and crushing; the exact opposite of encouraging voluntary compliance.  Additionally, it is important to note that the Plaintiff is currently in compliance with all other tax obligations.

**Claim I**

27.     Plaintiff re-alleges and re-incorporates all facts in the preceding ¶¶ 1-26.

28.     The Plaintiff's failure to timely file his 2014 Form 1040 was due to reasonable cause and not due to willful neglect as the Plaintiff exercised ordinary business care and prudence and reasonably relied on the advice of a competent tax professional on a matter of tax law.

29.     Considering the foregoing, the Plaintiff is entitled to a tax refund from Defendant of $95,117.50 attributable to the late filing penalty imposed by the IRS under 26 U.S.C. § 6651(a)(1), plus all statutory interest that has accrued thereon by law.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1.      That this Court order the Defendant to refund to the Plaintiff the overpayment of taxes for the Tax Period in the amount of $95,117.50 relating to the late filing penalty assessed and collected by the IRS under 26 U.S.C. § 6651(a)(1), together with all interest accrued thereon;

2.      Such costs and attorneys' fees as are available to Plaintiff as provided by law; and

3.      Such other and further relief that this Court deems equitable and proper.

Respectfully submitted,

Dated:  September 5 , 2019

s/ Matthew S. Paolillo _____
Matthew S. Paolillo
Florida Bar No. 0087445
MendenFreiman, LLP
5565 Glenridge Connector, N.E., Ste. 850
Atlanta, GA 30342
Tel.:    (770) 559-5585
Fax.:   (404) 581-5914
E-mail:mpaolillo@mendenfreiman.com

*Attorney for Plaintiff*